IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cr-0039 |
| | ) |
| ROMEO WALTER, KENAN THOMAS, | ) |
| AKEEM DIJHANI JULIEN, and NIJOHNTEA | ) |
| WALKER | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

**BEFORE THE COURT** is Romeo Walker's ("Walker") motion to continue the trial in this matter, currently scheduled for August 9, 2021. The United States (the "Government") and Defendants Akeem Dijhani Julien ("Julien") and Thomas do not object to the continuance. Defendant Nijohntea Walker ("Walker") did not respond to the motion. For the reasons stated herein, the Court will grant the motion to continue. The time to try this case is extended up to and including March 21, 2022.

On April 8, 2021, the United States Court of Appeals for the Third Circuit ("Third Circuit") granted approval for payment for DNA testing of firearms and a black bag seized at Thomas' arrest. Thereafter, on June 16, 2021, Walter filed a motion to continue trial date by at least ninety (90) days. Walter argues this additional time is needed for processing the payment which must precede the expert's analysis and report on the findings. The Government does not object to the continuance, but requests that the extended time be excluded from the Speedy Trial clock. Neither Defendants Julien nor Thomas object to the continuance. Defendant Walker did not respond to the motion.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension is necessary to allow the expert witness sufficient time to review and analyze DNA and to complete the expert report on the findings. The extension is also necessary to provide Defendants with ample time to review the expert's report and

prepare a suitable defense.

Consistent with these concerns, the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where the district court found that the multiple count, multiple defendant "case was complex and required additional time for adequate preparation").

The Speedy Trial Act additionally excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. . . ." 18 U.S.C. § 3161(h)(1). Here, a motion to suppress is also pending in the case.

Moreover, on March 17, 2020, in response to the COVID-19 pandemic, the Chief Judge of the District Court of the Virgin Islands entered a general order concerning operations of the Court. The Chief Judge found it necessary to "take reasonable and prudent actions" "in order to further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak*, at 1-2 *(Mar. 17, 2020)*, https://www.vid.uscourts.gov/sites/vid/files/general-ordes/CoronaVirus OperationsOrder.pdf (Case No. 1:20-mc-01, ECF No. 2.). The Chief Judge has thus far extended the order fifteen times, finding that the ends of justice require excluding March 18, 2020, through August 31, 2021, from the Speedy Trial count in all criminal matters.

To date, the COVID-19 virus has claimed more than 613,000 lives in the United States (39 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. In light of these circumstances, the Court finds it necessary and appropriate to proceed with caution. Social distancing—specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from others—remains the most effective check against COVID-19's transmission. Given these circumstances, the Court finds that extending the period within which the Defendants may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendants, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that Walter's Motion to Continue Trial Date, ECF No. 124, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through March 21, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 14, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than March 16, 2022;[1] and it is further

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.

**ORDERED** that the jury trial in this matter previously scheduled for August 9, 2021, is **RESCHEDULED** to commence promptly at 9:00 a.m. on March 21, 2022, in St. Thomas Courtroom 1.

**Dated:** August 4, 2021          /s/ *Robert A Molloy*
                                                  **ROBERT A. MOLLOY**
                                                  **Chief Judge**