## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cr-0039 |
| | ) | |
| ROMEO WALTER, KENAN THOMAS, and | ) | UNDER SEAL |
| NIJOHNTEA WALKER, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

**THIS MATTER** is before the Court on Defendant Romeo Walter's ("Walter") Motion to Continue March 10, 2022 Evidentiary Hearing and March 21, 2022 Trial Setting, filed February 24, 2022. (ECF No. 157.) For the reasons stated herein, the time to try this case is extended up to and including September 26, 2022.

On August 18, 2021, Walter filed a Motion for Approval of Forensic Investigator and Technicians, to travel to St. Thomas, Virgin Islands, to obtain DNA swabs from the firearms, ammunition clips, and duffle bag seized on April 8, 2020, for DNA analysis. (ECF No. 142.) The Court granted the motion in part on August 20, 2021, limiting the travel to one investigator and the reimbursement to the statutory maximum imposed under 18 U.S.C. § 3006A(e)(3). (ECF No. 143.)

Bode Technology ("Bode"), the company engaged by Walter to conduct the DNA analysis, informed Walter on October 4, 2021, that the testing and analysis would take a minimum of sixteen (16) weeks. (ECF No. 157, ¶ 6.) On February 10, 2022, Bode notified counsel for Walter that there was insufficient DNA material on the majority of the swabs taken from the firearms and ammunition clips, preventing analysis of those samples. As such, Bode requested approval to proceed with testing of additional swabs provided to them. *Id.* ¶ 9. In response, Walter requested a quote of the proposed additional testing, to provide to the Court for approval.

On February 24, 2022, Walter filed a motion to continue the evidentiary hearing and jury trial, reporting that Bode had not yet provided the requested quote, and that testing and

*United States v. Walter et al.*
Case No.: 3:20-cr-0039
Order
Page **2** of **3**

analysis of the DNA swabs was incomplete and on hold under approved to continue. Accordingly, in his motion, Walter argues that he "will be unable to adequately prepare for trial in this matter" until the DNA analysis is completed and Bode provides the report of the results. *Id.* ¶ 12. Walter therefore requests "that all dates including but not limited to, dates scheduled for any hearings, pretrial filings and the trial in this matter be continued to permit defendant's expert to complete their testing and analysis and provide a report of their findings to defendant's counsel." *Id.* Walter requests a continuance of the evidentiary hearing, jury trial, and all associated filing deadlines by at least ninety (90) days. (ECF No. 157 at 3.) Walter argues that the continuance will not prejudice the parties. Although Walter does not represent that he sought concurrence of the parties before filing the motion to continue,[1] the United States (the "Government") filed a Notice of Response on February 28, 2022, stating that the Government does not oppose the motion. (ECF No. 158.)

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow sufficient time to complete DNA testing and analysis. Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Blyden*, No. 3:20-cr-0042, 2021 U.S. Dist. LEXIS 3270 (finding that it was in the best interest of justice to continue the trial so that the DNA testing and chemical analysis of evidence could be completed).

The premises considered, it is hereby

---

[1] Local Rule 7.1 provides the following: "Unless there are exigent circumstances, prior to seeking a continuance of a proceeding, the movant shall consult the other parties and propose in the motion several alternative dates and times (if appropriate) that are agreeable to all parties." This requirement includes seeking the concurrence of co-defendants as well as the opposing party. LRCi 7.1(g).

*United States v. Walter et al.*
Case No.: 3:20-cr-0039
Order
Page **3** of **3**

  **ORDERED** that Defendant Walter's Motion to Continue, ECF No. 157, is **GRANTED**; it is further

  **ORDERED** that the evidentiary hearing in this matter previously scheduled for March 10, 2022, is **CONTINUED** to commence promptly at 9:30 a.m. on June 10, 2022, in St. Thomas Courtroom 1; it is further

  **ORDERED** that the time beginning from the date of this order granting an extension through September 26, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

  **ORDERED** that the jury selection and trial in this matter previously scheduled for March 21, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on September 26, 2022, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy; and it is further

  **ORDERED** that the pretrial filing deadlines are **VACATED**. An amended trial management order will be filed separately.

**Dated:** March 9, 2022          */s/ Robert A. Molloy*
                 **ROBERT A. MOLLOY**
                 **Chief Judge**