**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0039 |
| ) | |
| **KENAN THOMAS and ROMEO WALTER,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Defendant Romeo Walter's ("Walter") Motion for Leave to File a Belated Supplemental Brief. (ECF No. 265.) For the reasons stated below, the Court will deny the motion.

On February 2, 2024, the Court held a hearing on the defendants' motions seeking a dismissal of certain counts in the indictment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *Range v. Att'y General United States of Am.*, 69 F.4th 96 (3d Cir. 2023). At the conclusion of the hearing, the Court indicated to the parties that it would issue an order directing the parties to provide supplemental briefing on several specific issues in light of the hearing and the recent Third Circuit decision in *Lara v. Comm'r Pa. State Police*, No. 21-1832, 2024 U.S. App. LEXIS 1159 (3d Cir. Jan. 18, 2024). The Court explained that the forthcoming order would include specific questions for the parties to address. The Court issued the Order requesting supplement briefing on February 9, 2024. (ECF No. 261.) The two-page Order included six separately enumerated questions for the parties to respond to no later than February 23, 2024.[1] *See id.*

The February 23, 2024 deadline came and went without a brief from Walter's attorney. Instead, on February 25, 2024, two days after the filing deadline, Attorney Palomares filed the instant motion for leave to file supplemental briefing. (ECF No. 265.) Given the Court's Order on February 9, 2024, Attorney Palomares' justification for the

---

[1] The Order also provided specific formatting guidelines and made clear that the parties were not to raise any other additional issues unless otherwise directed by the Court. *See* ECF No. 261

*United States v. Walter et al.*
Case No.: 3:20-cr-0039
Order
Page 2 of 2

extension was rather shocking. Attorney Palomares explained that the reason he did not timely file his brief as directed was because he "was under the premise that the court was to issue an order directing the parties to brief the court on specific issues." *Id.*

Shortly after filing the motion seeking leave, Attorney Palomares took it upon himself to file a supplemental brief despite the fact that the Court had yet to rule on his motion. Unsurprisingly, the brief did not comply with the Court's February 9, 2024 Order. Palomares' brief failed to address the Court's specific questions and went beyond the scope of the February 2, 2024 hearing. Worse still, Palomares' brief included clearly erroneous legal standards that have been expressly rejected by the United States Supreme Court.[2]

As Palomares offers no legitimate basis for the delay, the Court will deny the instant motion to file a belated supplemental briefing. Additionally, because Attorney Palomares' sloppy brief is entirely unhelpful and was filed without approval from the Court, the Court will strike the brief from the record as well.

The premises considered, it is hereby

**ORDERED** that Defendant Romeo Walter's Motion for Leave to File a Belated Supplemental Brief. ECF No. 265, is hereby **DENIED**; it is further

**ORDERED** that Walter's supplemental brief filed at ECF No. 266, shall be **STRICKEN** from the record.

**Dated:** March 20, 2024            /s/ *Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **Chief Judge**

---

[2] Notwithstanding the fact that the supplemental brief initially acknowledges that *Bruen* rejected means-end scrutiny in the Second Amendment context, Palomares proceeds to later argue that the gun regulations at issue in this case fail to satisfy an intermediate scrutiny standard. *See* ECF No. 266 at 2, 5.