# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0039 |
| ) | |
| **ROMEO WALTER and KENAN THOMAS,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ATTORNEYS:**

**DELIA L. SMITH, UNITED STATES ATTORNEY**
**KYLE PAYNE, ASSISTANT UNITED STATES ATTORNEY**
**NATASHA BAKER, ASSISTANT UNITED STATES ATTORNEY**
UNITED STATES ATTORNEY'S OFFICE
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR PLAINTIFF*

**LORENZO PALOMARES, ESQ.**
PALOMARES STARBUCK & ASSOCIATES
MIAMI, FLORIDA
    *FOR DEFENDANT ROMEO WALTER*

**MATTHEW CAMPBELL, FEDERAL PUBLIC DEFENDER**
**KIA D. SEARS, ASSISTANT FEDERAL DEFENDER**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR DEFENDANT KENAN THOMAS*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

    **BEFORE THE COURT** is Defendant Kenan Thomas' ("Thomas") Motion for Reconsideration of Motion to Dismiss Counts 2-9 Under the Second Amendment, ECF No. 243, and Romeo Walter's ("Walter") Motion to Adopt Co-Defendant, Kenan Thomas' Motion for Reconsideration of Motion to Dismiss Counts 2-9 Under the Second Amendment. (ECF No. 251.) For the reasons stated below, the Court will deny the defendants' motions in their entirety.

# I. BACKGROUND

On October 22, 2020, a grand jury charged Defendants Romeo Walter and Kenan Thomas by indictment with the following violations of United States law: (Count 1 and 2) 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Felon in Possession of a firearm); (Count 3) 18 U.S.C. § 922(k),924(a)(1)(B) (Possession of a firearm with an obliterated serial number) and 18 U.S.C. § 2; (Count 4) 18 U.S.C. § 922(q), 18 U.S.C. § 924(a)(1)(B), and 18 U.S.C. § 2 (Possession of a Firearm in a School Zone); (Count 5) 14 V.I.C. § 551 and 14 V.I.C. § 2253(a) (Conspiracy to Possess an Unauthorized Firearm); (Count 6) 14 V.I.C. 2253(a) (Unauthorized Possession of a firearm); (Count 7) 23 V.I.C. § 481(b) (Possession of a Firearm with an Obliterated Serial Number); (Count 8) 23 V.I.C. 2253(f) (Possession of a Firearm within 1000 ft. of a school zone); (Count 9) 14 U.S.C. § 2256(a) (Unlawful Possession of Ammunition).

On September 28, 2022, Thomas filed a motion seeking to dismiss all the counts against him. (ECF No. 179.) On November 9, 2022, the Government moved to dismiss several counts from the Indictment. (ECF No. 187.) On December 6, 2022, the Court granted the Government's request and dismissed Counts Five, Eight, and Nine against Thomas and Walker. (ECF No. 192.) After the Court's Order, only Counts One, Two, Three, Four, Six, and Seven remained, mooting Thomas' challenges to Counts Five, Eight, and Nine.

On April 20, 2023, the Court issued a Memorandum Opinion denying Thomas' motion to dismiss in full. However, following the Court's Memorandum Opinion, the Third Circuit Court of Appeals issued the decision in *Range v. Att'y General United States of Am.*, 69 F.4th 96 (3d Cir. 2023), where the Court found that 18 U.S.C. § 922(g)—the federal felon in possession statute—was unconstitutional as applied given the defendant's specific factual circumstances in that case.

In light of the Third Circuit's decision in *Range*, Thomas filed a motion for reconsideration. (ECF No. 243.) Defendant Thomas' instant motion seeks reconsideration only to the extent his earlier motion sought to dismiss Count Two (Felon in Possession—18 U.S.C. § 922(g)(1)) and Count Six (Unauthorized Possession of a Firearm—14 V.I.C. § 2253(a)) of the Indictment. *See id.* Thomas argues that, following *Range*, the law in the Third Circuit now dictates that this Court find that both Count Two and Count Six violate the

Second Amendment of the Constitution. *See id.* Although the Third Circuit's decision in *Range* was an as-applied challenge, Thomas' motion contends that 18 U.S.C. § 922(g)(1) and 14 V.I.C. § 2253(a) are unconstitutional both facially and as applied.[1]

As for Defendant Romeo Walter, his motion simply seeks to adopt the arguments in Thomas' motion to the extent those arguments apply to Walter's case. *See* ECF No. 251. Walter's motion makes no specific arguments but instead entirely relies on the arguments in Thomas' motion. *See id.*

The Government filed its opposition to Thomas' and Walter's motions for reconsideration on October 12, 2023, and October 23, 2023, respectively. (ECF No. 246 and ECF No. 252.) Thomas filed a reply on October 19, 2023. (ECF NO. 250.) Walter did not. On January 29, 2024, Thomas filed a supplement to his motion highlighting various recent district court opinions addressing the constitutionality of 18 U.S.C. 922(g)(1) following *Bruen*. (ECF No. 256.) That same day, Walter filed a motion seeking to adopt Thomas' supplement as well. (ECF No. 257.)

After reviewing the *Range* decision and the parties' briefs, the Court decided to hold an omnibus hearing on the Defendants' motions for reconsideration on February 2, 2024. (ECF NO. 259.) Following oral arguments, the Court requested additional supplemental briefing and informed the parties that it would issue an Order directing them to respond to specific questions. The Court issued the Order requesting supplement briefing on February 9, 2024. (ECF No. 261.). The Government and Thomas timely filed their respective supplements on February 23, 2024. (ECF Nos. 263 and 264.) Walter, however, filed his proposed supplement out of time (ECF 266) and as such, Walter's motion for leave to file (ECF 265) was denied and his Supplement was stricken from the record *(ECF 271)* With all the briefs and supplements now filed, the Court has the requisite information necessary to resolve the defendants' pending motions.

## II. LEGAL STANDARD

---

[1] While the motion is somewhat vague on the issue, during the February 2, 2024 omnibus hearing, Thomas clarified that his motion argued that the statutes were unconstitutional both facially and as applied.

The Second Amendment of the U.S. Constitution provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. On June 23, 2022, the Supreme Court articulated the standard for analyzing Second Amendment challenges as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). Under *Bruen*, courts are required "to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 26.

> For instance, when a challenged regulation addresses a general societal problem that has persisted since the 18th century, the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment. Likewise, if earlier generations addressed the societal problem, but did so through materially different means, that also could be evidence that a modern regulation is unconstitutional. And if some jurisdictions actually attempted to enact analogous regulations during this timeframe, but those proposals were rejected on constitutional grounds, that rejection surely would provide some probative evidence of unconstitutionality.

*Id.* at 26–27. With respect to "modern regulations that were unimaginable at the founding," courts consider "whether a historical regulation is a proper analogue for a distinctly modern firearm regulation," which "requires a determination of whether the two regulations are 'relevantly similar.'" *Id.* at 28-29. The Supreme Court explained that "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are '*central*' considerations when engaging in an analogical inquiry." *Id.* at 29 (citation omitted). "[A]nalogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 30. "[T]he language of the Constitution cannot be interpreted safely except by reference to the common law and to British institutions *as they were when the instrument was framed and adopted*." *Id.* at 39 (citation omitted).

*United States v. Walter et al.,*
Case No. 3:20-cr-0039
Memorandum Opinion
Page **5** of **14**

Applying *Bruen* in a civil case raising an as-applied challenge to 18 U.S.C. § 922(g)(1), the Third Circuit found that "the people" protected by the Second Amendment "unambiguously refers to all members of the political community, not an unspecified subset," including persons formerly convicted of offenses punishable by more than one-year imprisonment. *Range v. Att'y Gen. of U.S*, 69 F.4th 96, 101 (3d Cir. 2023) (quoting *D.C. v. Heller*, 554 U.S. 570, 580 (2008)). In another civil case, raising a facial challenge to Pennsylvania firearm statutes that "have the practical effect of preventing most 18-to-20-year-old adult Pennsylvanians from carrying firearms," the Third Circuit found that "the people" under the Second Amendment "presumptively encompass all adult Americans, including 18-to-20-year-olds." *Lara v. Comm'r Pa. State Police*, 91 F.4th 122, 127 (3d Cir. 2024). The Third Circuit explained that *Bruen* has created a new, two-step analytical approach to assessing challenges under the Second Amendment:

> At the first step, a court determines whether "the Second Amendment's plain text covers an individual's conduct." That "'textual analysis' focuse[s] on the 'normal and ordinary' meaning of the Second Amendment's language." If the text applies to the conduct at issue, "the Constitution presumptively protects that conduct."

*Id.* at 129 (internal citations omitted). Courts "are not limited to looking through [the] retrospective lens at the first step." *Id.* at 131.

> At the second step, a court determines whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." If it is, the presumption made at the first step of *Bruen* is overcome, and the regulation in question can stand. To aid the court in that second-step analysis, the government bears the burden of identifying a "founding-era" historical analogue to the modern firearm regulation. We are to look to the founding because "[c]onstitutional rights are enshrined with the scope they were understood to have when the people adopted them." The question is "whether historical precedent from before, during, and even after the founding evinces a comparable tradition of regulation." In considering that precedent, however, we discount "[h]istorical evidence that long predates" 1791 and "guard against giving postenactment history more weight than it can rightly bear." Assessing the similarity of current regulations to those of the founding era calls on us to consider both "how and why the regulations [being compared] burden a law-abiding citizen's right to armed self-defense."

*Id.* at 129. The Third Circuit held "that the Second Amendment should be understood according to its public meaning in 1791" and rejected historic evidence of "statutes from the mid-to-late nineteenth century, as each was enacted at least 50 years after the ratification of the Second Amendment." *Id.* at 134.

### III. DISCUSSION

Before the Court resolves the substantive legal issues in this case, the Court will begin by addressing some of the glaring problems in Defendant Walter's instant motion. As noted earlier, Walter's motion simply seeks to adopt the arguments in Thomas' motion to the extent those arguments apply to Walter's case. *See* ECF No. 251. However, rather than seeking to dismiss just Count One[2] and Count Six, Walter purportedly seeks reconsideration of the motion to dismiss as it applies to Counts Two through Nine of the Indictment. *See id.*[3] The problem with Walter's request is two-fold. First, Thomas did not make any arguments concerning Counts Three, Four, Five, Seven, Eight, and Nine in his motion for reconsideration. Therefore, Thomas's motion does not support Walter's request for relief as to those counts. Second, while Thomas makes arguments regarding the constitutionality of the felon in possession charge under Count Two, Walter was not charged with being a felon in possession under Count Two. Rather, Walter was charged with felon in possession under Count One of the Indictment. *See* ECF No. 12.

Walter, therefore, did not meaningfully renew his challenges to Counts One, Three, Four, Five, Seven, Eight, and Nine through the adoption of Thomas' motion or otherwise. As a result, Walter forfeited any argument for reconsideration as to those counts. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("[T]he District Court was not required to consider [the Plaintiff's] claim because 'arguments raised in passing (such

---

[2] Count One is the count in the Indictment charging Walter with a violation of the federal felon in possession statute under 18 U.S.C. § 922(g)(1).

[3] Walter's prayer for relief specifically states the following: "Defendant, ROMEO WALTER, respectfully prays to this Honorable Court grant Defendant's motion to adopt Co-Defendant's Supplement to Motion for Reconsideration of Defendant's Motion to Dismiss [], grant the subject Motion for Reconsideration and *Dismiss counts 2-9 of the Indictmen*t as more fully set forth therein, and such other relief it deems just and proper." ECF No. 257. (emphasis added).

as, in a footnote), but not squarely argued, are considered forfeited.'" (*quoting John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997)));[4] *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue…will not suffice to bring that issue before this court.'" (quoting *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion) (Becker, J.)).

Accordingly, the Court will only address the defendants' motions to the extent Thomas challenges the constitutionality of Count Two, and both defendants challenge the constitutionality of Count Six in the Indictment.[5] Because Thomas' motion for reconsideration asserts both facial and as-applied challenges to section 922(g)(1) and section 2253(a), the Court will address the as-applied challenges first and then, if necessary, proceed to the facial challenges. *See Green Party of Pennsylvania v. Aichele*, 89 F. Supp. 3d 723, 738 (E.D. Pa. 2015) ("the 'usual judicial practice' is to address an as-applied challenge before a facial challenge." (quoting *United States v. Mitchell*, 652 F.3d 387, 406 (3d Cir. 2011))).

### (a) As-Applied Challenge to 922(g)(1) and 2253(a)

When a defendant makes "an as-applied challenge to an indictment, the Court must determine whether a law with some permissible uses 'is nonetheless unconstitutional as applied' to the movant's specific conduct." *United States v. Ladson*, Crim. Act. No. 23-161-1, 2023 WL 6810095, at *2 (E.D. Pa. Oct. 16, 2023) (quoting *Spence v. Washington*, 418 U.S. 405, 414 (1974)); *see also United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010) ("An as-applied attack…does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right."). Therefore, in order to consider an as-applied challenge, there must be

---

[4] In *Higgins*, the Third Circuit went on to clarify that a passing reference, even if it is raised in the body of the brief, is still insufficient to bring the issue before the court. 62 F.4th at 763.

[5] Even if the Court were not to consider Walter's challenge with respect to Count One forfeited for failure to raise the argument in his briefs, any argument would rise and fall with Thomas' briefs since Walter simply adopted Thomas' arguments in full without any additional supplement. Therefore, as will be explained below, since the Court finds Thomas' arguments as to Count Two unavailing, Walter's arguments with respect to Count One must necessarily fail on the merits as well.

a developed factual record so that the Court may determine whether the statute is constitutional as the statute relates to the defendant and his or her unique factual circumstances. *See United States v. Bowers*, 495 F. Supp. 3d 362, 373 (W.D. Pa. 2020); *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc) (explaining that as-applied challenges are "based on a developed factual record and the application of a statute to a specific person[.]").

Here, the Court finds there is insufficient information in the record to conduct an as-applied analysis on section 922(g)(1) and 2253(a) at this juncture. The defendants have failed to provide sufficient allegations, let alone evidence of the material factual circumstances in their respective cases. In *Range*, the Third Circuit's analysis was highly fact-intensive and specific to the circumstances of the case before the court. The *Range* court focused not only on the nature of the appellant's crime but also the particular circumstances of the case, such as Range's completion of his sentence and his successful attempt to reintegrate himself back into society. *See Range*, 69 F.4th at 105. Moreover, when considering whether the Government offered appropriate historical analogues, the *en banc* court rejected certain analogues that were not sufficiently analogous "to Range and his individual circumstances." The Court lacks those critically important factual details in this case.

For an as-applied challenge to section 922(g)(1), the Court, at the very least, needs information about the underlying felony giving rise to the charge. However, neither Thomas' original motion to dismiss nor his motion for reconsideration even mentions the underlying felonies, let alone the factual circumstances surrounding those offenses. Accordingly, the Court is unable to engage in the fact-intensive analysis necessary to determine whether the Government has shown a history and tradition of permanently disarming people ***like*** Thomas.

During the omnibus hearing, Thomas tried to overcome at least some of the evidentiary deficiencies by highlighting the fact that the Government's opposition brief discusses the predicate felony offenses supporting his charge in Count Two. *See* ECF No. 246. Given that the description of the underlying offenses is available to the Court, Thomas

contends that the Court may conduct an as-applied analysis, at least with regard to the constitutionality of section 922(g)(1).[6] Thomas argues that in order to conduct such an as-applied analysis in this instance, the Court need not consider the particular facts surrounding his predicate offenses, but instead may simply look to the name of the offense to determine whether the Government has provided a history and tradition of disarming people like Thomas. The Court does not believe such an abstract analysis is appropriate in the as-applied context.

First, as noted above, the Third Circuit has made clear that as-applied challenges require the Court to consider the statute's applicability as to the particular person and his or her particular circumstances. *See Marcavage*, 609 F.3d at 273; *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011) ("when we are presented with an as-applied challenge, we examine only the facts of the case before us and not any set of hypothetical facts under which the statute might be unconstitutional."). By only considering the underlying statute in the abstract rather than as applied to the defendant and his circumstances, the Court fails to engage in the appropriate review. Moreover, merely considering the name of the statute poses a risk of error as well.

A number of states throughout the country, including Georgia,[7] make clear that descriptive headlines in a statute do not carry legal weight. *See, e.g.*, Ga. Code Ann. § 1-1-1.[8] Therefore, merely relying on statutory headings would not provide the Court the necessary background about the substantive crime to determine whether the predicate offense is the

---

[6] The Government only mentioned Thomas' predicate offenses not, Walter's. Therefore, even if the Court were to entertain Thomas' argument, the Court would still lack a sufficient record to consider Walter's as-applied challenges.

[7] Thomas was convicted of his predicate offenses in Georgia.

[8] "The following matter contained in the Official Code of Georgia Annotated, including all supplements and revised volumes thereof, shall not be considered enacted by the General Assembly, shall bear no additional weight or effect, and shall not be construed to have the imprimatur of the General Assembly by virtue of such inclusion in the Official Code of Georgia Annotated:…(3) Captions; (4) Catchlines; (5) Headings…" Ga. Code Ann. § 1-1-1; *see also* 1 V.I.C. § 45 ("The following matter does not constitute part of the law - (1) the various analyses set out in this Code, constituting enumerations or lists of the titles, parts, chapters, subchapters and sections of this Code; (2) the descriptive headings or catchlines, other than the section numbers contained therein, immediately preceding the texts of the individual sections of this Code; and (3) any descriptive headings or catchlines immediately preceding the texts of any subsections or paragraphs of sections of this Code.".

type that would have historically supported disarmament in 1791. *See Lyons v. Georgia-Pac. Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1246 (11th Cir. 2000) ("We have previously observed that 'reliance upon headings to determine the meaning of a statute is not a favored method of statutory construction.'" (quoting *Scarborough v. Office of Personnel Management*, 723 F.2d 801, 811 (11th Cir.1984))). Consequently, the fact that the Government's opposition brief contains mention of Thomas' underlying offenses does not alter the Court's conclusion that his as-applied challenge cannot be sustained based on the current record before the Court.

The Court would likely need substantially more information beyond the factual circumstances of the predicate felonies to determine whether 14 V.I.C. § 2253(a) is constitutional as applied to the defendants as well. Section 2253(a) makes possessing a firearm illegal "unless otherwise authorized by law." In order to be a person authorized to possess a firearm, the individual must obtain a firearm license unless he or she is a law enforcement officer. *See* 14 V.I.C. § 2256(a); *Davis v. People*, 69 V.I. 619, 646 (2018). Therefore, in order to conduct an as-applied analysis with regard to section 2253(a), the Court must have evidence showing the defendants were the type of people required to have a license, and if they were, evidence explaining why the defendants did not have or could not obtain a license. While it is true that the defendants' felon status would bar them from obtaining a firearm license and thus ultimately prohibit them from lawfully possessing a firearm in the Virgin Islands, *see* 23 V.I.C. § 456(a), the defendants may have still been barred from obtaining a license for some other lawful purpose. For example, 23 V.I.C. 456(a) has several other non-discretionary restrictions that Justice Kavanaugh noted are still presumably lawful.[9] *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 80 (2022) (Kavanaugh J., concurring). Without evidence demonstrating that the defendants otherwise could have obtained a firearm license, the Court cannot determine whether section 2253(a)

---

[9] The Court recognizes that portions of the Virgin Islands licensing regime appear similar to the "may issue" licensing regimes found impermissible in *Bruen*. *See, e.g.*, 23 V.I.C. § 454. However, given the general severability clause under 1 V.I.C. § 51, it is immaterial if the discretionary portions of the licensing regime are struck down if the defendants are still barred from obtaining a license under the non-discretionary portions. Therefore, a fully developed factual record is necessary to even consider if the Virgin Islands licensing regime would cause section 2253(a) to be unconstitutional as applied to the defendants.

is unconstitutional as applied to Thomas and Walter. Consequently, Thomas' as-applied challenge to Count Two and the defendants' as-applied challenges to Count Six fail.

The defendants' as-applied challenges being duly disposed of, all that is left for the Court to address is the facial challenges to Count Two and Count Six.

**(b) Facial Challenge to § 922(g)(1)**

Section 922(g)(1) prohibits any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm." 18 U.S.C. § 922(g)(1). The Supreme Court explained in *Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," *Heller*, 554 U.S. at 626, which are "presumptively lawful." *Id.* n.26. After *Heller*, the Third Circuit considered whether 18 U.S.C. § 922(g)(1) was constitutional on its face, finding that "*Heller*'s list of 'presumptively lawful' regulations is not dicta," but "was outcome-determinative" and binding on the court. *United States v. Barton*, 633 F.3d 168, 171-72 (3d Cir. 2011). The Supreme Court in *Bruen* noted that *Bruen* did not disturb "anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns." *Bruen*, 597 U.S. at 72 (Alito, J. concurring); *see id.* at 80-81 (Kavanaugh, J. concurring, joined by Roberts, C.J.) (stating that "the Second Amendment allows a 'variety' of gun regulations" and quoting the language from *Heller,* reiterated in *McDonald*, about the longstanding prohibitions on the possession of firearms by felons that are presumptively lawful). In *Range*, the Third Circuit acknowledged *Heller*'s presumptively lawful language, as reiterated in *McDonald,* and noted with approval in *Bruen*. *Range*, 69 F.4th at 103; *see id.* at 110-11 (Ambro, J. concurring, joined by Greenaway, Jr., J., and Montgomery-Reeves, J.) (noting that, in *Barton*, "we held that '*Heller*'s list of 'presumptively lawful' regulations is not dicta,'" which "aligned us with the Ninth and Eleventh Circuits" and that "*Bruen* reaffirms that felon-in-possession laws are presumed to be lawful").

Thomas asserts, without citation to any legal authority in support, that *Barton* does not survive *Bruen* "[b]ecause the Third Circuit did not employ the text-and-history test." (ECF No. 264 at 2.) The Government asserts that *Bruen* "provides no basis for re-examining

*Barton*" and despite some tension between *Barton* and the Third Circuit's statements in *Range*, including that it was dubious that the Federal Firearms Act of 1938 "was 'longstanding' enough to warrant *Heller*'s assurance," *Range*, 69 F.4th at 104, *Range* was an as-applied challenge and did not supersede *Barton*'s holding that *Heller*'s statement about longstanding prohibition on the possession of firearms by felons were not dicta. (ECF No. 263 at 2.) The Court agrees with the Government.

Nothing in *Bruen* or *Range* disturbs the Third Circuit's holding that "*Heller*'s list of 'presumptively lawful' regulations is not dicta," but "was outcome-determinative" and binding on the court. *Barton*, 633 F.3d at 171-72. The Court finds that pursuant to *Heller*, as reaffirmed by *Bruen* and undisturbed by *Range*, § 922(g)(1) is presumptively constitutional. *See United States v. Williams*, No. 3:21-CR-34, 2024 WL 665851, at *9 (M.D. Pa. Feb. 16, 2024) ("this Court remains bound by the Supreme Court's decision in *Heller* and its progeny and Defendant's motion based on the facial constitutionality of § 922(g)(1) will be denied"); *United States v. Craig*, No. CR 21-338, 2024 WL 449386, at *3 (W.D. Pa. Feb. 6, 2024) ("Section 922(g)(1) is not facially unconstitutional."); *United States v. Velazquez*, No. CR 23-657 (RMB), 2024 WL 49690, at *11, 14 (D.N.J. Jan. 4, 2024) (stating that "*Bruen* reaffirms that felon-in-possession laws, like § 922(g)(1), are presumed to be constitutional" and finding that defendant failed to rebut the presumption, and post-*Bruen* "courts throughout the country have consistently rejected facial challenges like the one here"); *United States v. Dockery*, No. CR 23-068-KSM, 2023 WL 8553444, at *10 (E.D. Pa. Dec. 11, 2023) (noting that "nearly every opinion in this Circuit addressing this issue after *Range* has held that § 922(g)(1) is constitutional . . . on its face" and finding that defendant "failed to show that § 922(g)(1) is unconstitutional in all circumstances"); *United States v. Collier*, No. 2:21CR375, 2023 WL 7386568, at *3-4 (W.D. Pa. Nov. 8, 2023) (stating that "*Range* does not reflect the facial dismantling of 18 U.S.C. § 922(g)(1)" and "any expansion of *Bruen* and/or *Range* beyond their individualized settings properly must await further guidance from the United States Court of Appeals for the Third Circuit and/or the Supreme Court").

Legal presumption is "the proof created by law," *Coffin v. United States*, 156 U.S. 432, 461 (1895), that can be rebutted. "A party asserting a facial challenge 'must establish that no

set of circumstances exists under which the Act would be valid.'" *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Salerno,* 481 U.S. 739, 745 (1987)).[10] Thomas failed to make the requisite showing. Accordingly, the Court finds that Thomas failed to rebut the presumption that § 922(g)(1) is constitutional on its face.

### (c) Facial Challenge to Section 2253(a)

To the extent the defendants indeed make a facial challenge to section 2253(a) their cursory argument is unavailing. As noted above, Section 2253(a) makes possessing a firearm illegal "unless otherwise authorized by law." Finding this statute facially unconstitutional would require a herculean effort by the defendants.

Although unartfully written, section 2253(a) simply criminalizes possession of a firearm not permitted by law. Therefore, the statute is necessarily constitutional so long as there is not another Virgin Islands statute that unlawfully restricts a citizen's Second Amendment right to possess a firearm. However, to succeed on a facial challenge of section 2253(a), the defendants would have to show that there is no set of circumstances where the Government is permitted to criminalize the possession of a firearm. But as a majority of six justices affirmed in *Bruen*, it is still presumptively lawful for states to prohibit the "possession of firearms by felons and the mentally ill," and enact laws "forbidding the carrying of firearms in sensitive places such as schools and government buildings." *Heller*, 554 U.S. at 626; *see Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm .... Nor have we disturbed anything that we said in [*Heller*] about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., concurring) ("Nothing in our opinion should be taken to

---

[10] As other courts, the Court recognizes that the above facial challenge standard imposing burden on the challenger to establish constitutional infirmity under all circumstances "is arguably inconsistent with the standard set forth" in *Bruen*, which "places the burden on the government to establish the validity of its regulations by showing a history and tradition of similar regulations." *United States v. Jones*, No. CR 21-472-RJC, 2024 WL 776470, at *4 (W.D. Pa. Feb. 26, 2024). The Court notes the absence of guidance from the Supreme Court and the Third Circuit on this issue and is mindful of the narrow and limited scope of the as-applied holding in *Range*. *United States v. Hall*, No. 23-1430, 2024 WL 510512, at *2 (3d Cir. Feb. 9, 2024) ("*Range* involved an as-applied challenge to 18 U.S.C. § 924(g)(1) by someone with a single, decades-old conviction of minor welfare fraud. Nothing in that decision suggests that it applies to someone with Hall's long, serious criminal history.") (citation omitted).

cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill ….." (quoting *Heller*, 554 U.S. at 626, 128 S.Ct. 2783)); *id.* at 2189 (Breyer, J., dissenting) ("Like Justice KAVANAUGH, I understand the Court's opinion today to cast no doubt on that aspect of Heller's holding."). Accordingly, since there are at least some circumstances where the state may limit an individual's ability to possess a firearm post-*Bruen*, the defendants fail to successfully mount a facial challenge to section 2253(a).

## IV. CONCLUSION

For the foregoing reasons, the defendants' motions for reconsideration are denied. An accompanying Order of even date follows.

**Date:** June 4, 2024　　　　　　　　　　　　　　　*/s/ Robert A. Molloy*
　　　　　　　　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　　　　　　　　**Chief Judge**